IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANTZ PAUL JULES,  *
      Petitioner
   v.  *  CIVIL ACTION NO. AMD-06-1404

STATE OF MARYLAND,  *
      Respondent
             ***

MEMORANDUM

Frantz Paul Jules ("petitioner") is an Immigration and Customs Enforcement ("ICE") detainee currently housed at the Worcester County Jail in Snow Hill, Maryland. On June 1, 2006, he filed this 28 U.S.C. § 2254 petition for habeas corpus relief attacking his 2001 drug convictions in the Circuit Court for Montgomery County. Respondent has filed an answer to the petition, arguing that the application should be dismissed because: (1) petitioner is no longer "in custody" under the convictions; and (2) the petition is time-barred. Petitioner was afforded the opportunity to file a reply, but has not done so. For reasons to follow, the petition shall be dismissed.

According to respondent, a jury convicted petitioner of possession with intent to distribute marijuana in excess of 50 pounds and possession with intent to distribute marijuana on January 31, 2001. Paper No. 4, Ex. 1. On March 28, 2001, he was sentenced to five years in the Maryland correctional system, with the sentence to commence January 31, 2001. *Id.*, Exs. 1 & 5.

As was his right, petitioner filed an appeal to the Court of Special Appeals of Maryland on April 6, 2001. On December 19, 2001, the convictions were affirmed. *Id.*, Exs. 1 & 2. On April 12, 2002, the Court of Appeals of Maryland denied petitioner's petition for a writ of certiorari. *Id.*, Ex. 3. No further appellate pleadings were filed. Therefore, petitioner's conviction became final July 12, 2002. *See Frasch v. Peguese*, 414 F.3d. 518, 521 (4th Cir. 2005); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2003) ( judgment of conviction becomes final for purposes of § 2254 on the date

on which defendant's time for filing such a petition for certiorari with the Supreme Court expires); *see also Clay v. United States*, 537 U.S. 522, 527-532 (2003).

Fourteen months later, on September 17, 2003, petitioner filed a petition for post-conviction relief in the Circuit Court for Montgomery Count. Paper No. 1, Ex. 1. Following a hearing, Montgomery Circuit Court Judge Joseph A. Dugan, Jr., denied relief on June 7, 2005. *Id*. The Court of Special Appeals of Maryland denied petitioner's application for leave to appeal on May 3, 2005, and issued its mandate on June 15, 2006. *Id*., Exs. 1 & 4.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d).[1]  Petitioner's conviction became final on July 12, 2002.  The record shows that he had

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through

no state post-conviction proceedings pending between July 13, 2002, and September 16, 2003.[2] This fourteen-month period exceeds the one-year limitation period set out under § 2244(d). Therefore, this petition is not subject to statutory tolling.[3]

Even if petitioner was able to present a cogent argument in support of statutory or equitable tolling, the court would nonetheless find it lacked subject matter jurisdiction over the petition. Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" in violation of laws, treaties or the Constitution of the United States. *See Cafafas v. La Vallee*, 391 U.S. 234, 238 (1968). This custody requirement is not met when the inmate challenges an expired sentence. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989). According to the record, the maximum expiration date for petitioner's five-year sentence was January 31, 2006. Paper No. 4, Ex. 5. He was mandatorily released from the Division of Correction into the custody of ICE on May 22, 2004. *Id*. Consequently, at the time he filed this

---

the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] Respondent indicates that in May 2001, petitioner sought review of his sentence by a three-judge panel under Maryland law. The state correctly observes that such an action does not legally challenge the original convictions or sentences. Therefore, under the law in this circuit it does not constitute a collateral proceeding for purposes of tolling the limitation period under § 2244(d). *See Walkowiak v. Haines*, 272 F.3d 234, 236-38 (4th Cir. 2001) (motion for review of sentence is not a collateral proceeding).

[3] The one-year limitation period under § 2254 is, however, additionally subject to equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246-47 (4th Cir. 2003), *cert. denied*, 541 U.S. 904 (2004); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Petitioner is only entitled to equitable tolling if he presents extraordinary circumstances beyond his control or external to his own conduct that prevented him from filing on time. *See Rouse v. Lee*, 339 F.3d at 246. Petitioner does not make an equitable tolling argument.

matter, petitioner was not in custody for purposes of challenging his 2001 convictions under § 2254(a).  *See Resendiz v. Kovensky*, 416 F.3d 952, 957-58 (9th Cir.), *cert. denied*, 126 S.Ct. 757 (2005);  *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir.), *cert. denied*, 543 U.S. 1034 (2004) (petitioner's federal custody on immigration removal proceedings does not satisfy "in custody" requirement of § 2254 where sentence to challenged state court conviction had expired).

      For the aforementioned reasons, this § 2254 petition shall be dismissed with prejudice.  An Order follows.

Filed: August 18, 2006                                              ___/s/_____
                                                                            Andre M. Davis
                                                                            United States District Judge